UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| CHRISTINA JOHNSON, | ) |
| | ) |
|        Plaintiff, | ) |
|   v. | ) CAUSE NO. 4:18-cv-63 |
| | ) |
| CAESARS ENTERPRISE SERVICE, LLC, | ) |
| | ) |
|        Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Christina Johnson ("Johnson"), by counsel, brings this action against Defendant, Caesars Enterprise Service, LLC ("Defendant"), and shows as follows:

## OVERVIEW

1. This is an employment discrimination action (disability) brought by Johnson against Defendant alleging that she was discriminated against in violation of the Americans with Disability Act of 1990 ("ADA"), 42 U.S.C. §12101 et. seq. Moreover, Johnson alleges that Defendant failed to provide her a reasonable accommodation, so she could continue her employment.

## PARTIES

2. At all relevant times Johnson lived in the Southern District of Indiana.

3. Defendant is a corporation that conducts business and maintains offices in Southern District of Indiana.

4. Johnson, at all times relevant, was an 'employee' as defined by 42 U.S.C.§12111(4). Moreover, Johnson is disabled as that term is defined by the ADA.

5. Defendant is an 'employer' as defined by 42 U.S.C. §12111(5)(A).

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C §1331 and 42 U.S.C. §12117(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as all events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located herein.

8. Johnson properly exhausted her administrative remedies when she timely filed a charge of discrimination (and later amended it) with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging discriminated based on disability. A notice of suit rights was issued on or about January 11, 2018, and Johnson now brings this Complaint within ninety (90) days of receipt thereof.

## FACTUAL ALLEGATIONS

8. Johnson began her employment with Defendant on or about June 5, 1999. She was employed as a black jack dealer. Johnson met or exceeded the legitimate expectations of performance of her position.

9. Johnson suffers from one or more conditions that qualify her as disabled under the ADA. These conditions are permanent and substantially limit her in major life activities typically enjoyed by individuals who are not afflicted with her conditions. She has been diagnosed with Epidural Fibrosis and Chrones and Cholitis.

10. Johnson missed work for various reasons in mid to late 2016. In mid to late January 2017, she presented Defendant with work restrictions from her doctor.

11. The work restrictions essentially required Johnson to alternate between sitting and standing during the course of her work shift. These limitations would not have prevented Johnson from performing the essential functions of her job if Defendant had given her a reasonable accommodation.

12. Defendant had dealer positions on its casino floor that that permitted standing and sitting. Moreover, Defendant had a rotation schedule that would have permitted employees to rotate through these positions. Moreover, Defendant could have provided minimal training to Johnson to permit her to expand her skill set to work notwithstanding her work restrictions.

13. Notwithstanding Johnson's ability to work and Defendant's workplace set-up, the only accommodation Defendant offered her put Johnson off on an extended leave in non-pay status.

14. Johnson made every effort to schedule a surgery that might have reduced her work restrictions. Notwithstanding these efforts, she was not permitted to undergo the required surgery until December 2017. Because Johnson could not get revised restrictions, Defendant maintained that Johnson could not perform the essential functions of her job. However, Defendant provided accommodations to other employees who had preferences and/or restrictions to sit in the workplace – but not to Johnson.

15. Johnson has been harmed by Defendant's conduct.

## LEGAL ALLEGATIONS

## VIOLATIONS OF THE ADA

16. Johnson incorporates by reference paragraphs one (1) through fifteen (15).

17. Johnson was denied a reasonable accommodation that would not have caused Defendant to incur an expense and that would have had nominal impact on its operations.

18. Defendant failed to engage in the interactive process in good faith.

19. Defendant discriminated against Johnson by forcing her from her position, failing to provide any accommodation, failing to provide training, and/or failing to engage in the interactive process in good faith.

20. Johnson has been harmed by Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Christina Johnson, respectfully demands judgment against Defendant in her favor and requests that the Court grant the following relief:

a) An Order awarding Johnson the wages she lost and the value of the benefits she lost as a result of being unlawfully separated from her position;

b) An Order awarding Johnson compensatory and punitive damages, if appropriate, for an intentional violation of her rights as provided for by the ADA;

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone:   (317) 500-0700
Facsimile:    (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues deemed triable.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Suite 500
Indianapolis, Indiana 46240
Telephone: (317) 500-0700
Facsimile: (317) 732-1196
E-Mail: indy2buck@hotmail.com

Attorney for Plaintiff